Henry P. Gonzalez, LL.M. (HPG 9238)
**RODRIGUEZ O'DONNELL**
**GONZALEZ & WILLIAMS, P.C.**
1211 Connecticut Ave., N.W., Suite 800
Washington, D.C. 20036
(202) 973-2980   Telephone
(202) 293-3307   Facsimile

Attorneys for Plaintiff, Dimerco Express (U.S.A.) Corp.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
DIMERCO EXPRESS (U.S.A.) CORP.,         :
                                        :
                          Plaintiff,    :   Case No.: 08 cv 5662(RMB)
                                        :   ECF CASE
        -against-                       :
                                        :
                                        :   **COMPLAINT**
                                        :
                                        :
CORPLOGOWARE, LLC,                      :
INCENTIVE MARKETING, INC. and           :
POST NO BILLS INC.,                     :
                                        :
                          Defendants.   :
-------------------------------------------------------X

Plaintiff, Dimerco Express (U.S.A.) Corp. ("Dimerco" or Plaintiff), by its attorneys, brings this action against Corplogoware, LLC ("Corplogoware"), Incentive Marketing, Inc. ("Incentive"), and Post No Bills Inc. ("PNB") (or jointly Defendants), and for its complaint alleges the following upon information and belief:

## JURISDICTIONAL ALLEGATIONS

1.  The Jurisdiction of this Court is founded on the admiralty or maritime character of the claim. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.  This Court also has civil and admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1331, 1332, 1333, and 1367. This case is also pursuant to 49 U.S.C. §40105 (Warsaw Convention) and the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention").

## VENUE

3.  Venue is proper in this Court as the Defendants reside or do business in this district. Venue is also proper because the Terms and Conditions of Service provide for laws of New York and jurisdiction in any United States Court.

## THE PARTIES

4.  Plaintiff Dimerco is a corporation organized and existing pursuant to the laws of the state of Illinois, with its principal place of business at 955 Dillon Drive, Wood Dale, Illinois 60191, and 145-45, 156 Street, Jamaica, New York 11434, and other cities.

5.  Upon information and belief, Defendant Corplogoware is a Florida corporation with its principal place of business in 11675 Rainwater Drive, Suite 350, Alpharetta, Georgia 30004.

6.  Upon information and belief, Defendant Incentive is a Georgia corporation with its principal place of business in 11675 Rainwater Drive, Suite 350, Alpharetta, Georgia 30004.

7. Upon information and belief, Defendant PNB is a South Carolina corporation with its principal place of business in 801 Gervais Street, Columbia, South Carolina 29201.

8. The companies referenced in paragraph 5, 6 and 7, upon information and belief, also do business in New York.

### FACTS

9. During the period beginning on or about October 31, 2007 and continuing through on or about March 31, 2008, Dimerco completed the transportation services for Defendants.

10. Dimerco advanced payments on behalf of Defendants for air and ocean freight, custom charges, and other charges with respect to Defendants' cargo.

11. Defendants were aware of their obligation to pay Dimerco the charges for the transportation services provided to Defendants by Dimerco.

12. However, Defendants have not paid Dimerco the service charges, and continue to refuse to pay Dimerco the charges, even after repeated demand from Dimerco and Defendants' promise to make the full payment to Dimerco.

13. Corplogoware, Incentive, and PNB are affiliated companies. Defendants utilized various corporate entities to induce Dimerco to perform transportation services and entry of goods into the U.S., and once the performance was satisfied by Dimerco, Defendants intended not to pay Dimerco for its services.

## ALLEGATIONS

### COUNT I: BREACH OF CONTRACT

14. Dimerco incorporates the allegations in Paragraph 1 through 13 above as if fully set forth herein.

15. Dimerco and Defendants entered into contracts of carriage as evidenced by Dimerco's Bills of Lading, Arrival Notices, and/or other documents.

16. Under the contracts of carriage, Defendants were obligated to pay Dimerco the charges for the services provided to Defendants by Dimerco.

17. Dimerco has duly performed all obligations, conditions, and promises to be performed pursuant to the contracts of carriage and contracts of services between Dimerco and Defendants.

18. However, Defendants breached the contracts of carriage between Dimerco and Defendants by failing to reimburse Dimerco for the charges Dimerco advanced to pay underlying carrier for the freight of Defendants' cargo.

19. As a result of Defendants' failure to pay and/or reimburse Dimerco, Dimerco suffered damages in the amount of $42,462.57 as of June 19, 2008.

### COUNT II: QUANTUM MERUIT AND UNJUST ENRICHMENT

20. Dimerco incorporates the allegations in paragraph 1 through 19 above as if fully set forth herein.

21. Dimerco conferred a benefit upon Defendants in good faith by providing transportation services.

22.  Defendants accepted the benefit of Dimerco' transportation services for the relevant cargo.

23.  Dimerco, as an indirect carrier of Defendants, expected compensation and reimbursement for the services provided to Defendants for the relevant cargo.

24.  Defendants have failed and refused to pay the outstanding charges to Dimerco in the amount of $42,462.57, although duly demanded numerous times.

25.  Defendants have been unjustly enriched in that they have not paid Dimerco air and ocean freights, custom charges, and other charges, which Dimerco incurred or paid with an understanding that Defendants would later pay or reimburse.

## DAMAGES

26.  By reason of the foregoing, Dimerco has sustained damages in the amount of $42,462.57 as of June 19, 2008.

**WHEREFORE**, Plaintiff respectfully prays for the following:

(a)  A judgment against Defendants, jointly and severally, in the amount of $42,462.57 be entered in favor of the Plaintiff and against Defendants, jointly and severally, together with additional costs and attorneys' fees incurred, plus interest at a rate as this Court may deem appropriate;

(b)  A process in due form of law according to the practice of this Honorable Court may issue against the Defendants citing the Defendants to appear and answer under oath all singular matters stated in this Complaint; and

(c)  Such other and further relief this Court deems just, proper, and appropriate in this case.

Dated: June 19, 2008

Respectfully submitted,

By: _____

Henry P. Gonzalez, LL.M. (HPG 9238)
**RODRIGUEZ O'DONNELL GONZALEZ and WILLIAMS, P.C.**
1211 Connecticut Ave., N.W., Suite 800
Washington, D.C. 20036
(202) 973-2980  Telephone
(202) 293-3307  Facsimile

Attorneys for Plaintiff
Dimerco Express (U.S.A.) Corp.